PER CURIAM.
Sam Green, doing business as Multiple Sports News Service, appeals a final decree denying him an injunction against the removal of a telephone from his place of “business. The complaint for injunction was filed pursuant to § 365.08, Fla.Stat. 1965, E.S.A.
Chapter 365, Fla.Stat., F.S.A., is entitled “Regulation of Private Wire Service.” A notice was served upon the appellant by the telephone company after the company had been notified by the Attorney General of Florida that the Attorney General had determined that the phone was being used in violation of the State and federal laws. See Fla.Stat.1965, §§ 365.02, 365.08, F.S.A.
Section 365.02, Fla.Stat., F.S.A., provides, in part, as follows:
“It shall be unlawful for * * * any person knowingly to use any private ■wire in the dissemination of information in furtherance of gambling or for gambling purposes.”
The chancellor made a finding that the phone was used in furtherance of gambling. The only question presented is whether the evidence before the chancellor supported his finding. We hold that the record contains sufficient evidence to support the conclusion reached by the chancellor.
Appellant grounds his argument also entirely upon the wording of a portion of the findings of fact in which the chancellor states that certain of the facts before him "creates an inference that the information so disseminated by the plaintiff on the subject telephones was used by subscribers for gambling.” The use of the word “inference” is not vital to the chancellor’s finding because the finding is supported by the record. The question is whether or not the phone was being used in violation of the law. In this connection it is important to note that the cited section prohibits not only the use of the phone for gambling purposes, but also its use for the dissemination of information in furtherance of gambling.
The chancellor has not been shown to have made a finding against the manifest weight of the evidence.
Affirmed.