### Application of MULTIPLE SPORTS SERVICE.
No. 8873-PW.

Florida Public Service Commission.

August 29, 1967.

Lawrence E. Hoffman, Miami Beach, for the applicant.

Edward D. Cowart, Assistant Attorney General, for the Attorney General, protestant.

John H. Wahl, Miami, for Southern Bell Tel. & Tel. Co., amicus curiae.

Commissioners EDWIN L. MASON and JERRY W. CARTER participated in the disposition of this matter.

BY THE COMMISSION.

The commission pursuant to notice, by its duly designated examiner, Harold E. Smithers, held a public hearing on this matter in Miami on June 6, 1967.

The examiner's recommended order was duly served on all of the parties. Exceptions to the recommended order were filed with the commission by the applicant. Oral argument was heard on the exceptions on August 28, 1967. The entire record herein, including the application, the testimony adduced at the public hearing, the exceptions to the recommended order and oral argument heard thereon, has been examined by the full commission. After due consideration, the commission now enters its own order in this cause.

By application in this docket Samuel Green, d/b/a Multiple Sports Service, seeks reinstallation of telephone service by Southern Bell Telephone and Telegraph Company at 1090 N. E. 79th Street, Miami. The telephone at this location was discontinued on demand of the Attorney General of the state of Florida, by letter dated November 30, 1965, setting forth that an investigation conducted by that office determined said telephone had been used in violation of the laws of Florida, particularly the gambling laws, and thereafter service was discontinued effective December 14, 1965.

Pertinent to this matter, section 365.02, Florida Statutes, makes it unlawful for any person to use a telephone "in the dissemination of information in furtherance of gambling or for

gambling purposes." Section 365.08, Florida Statutes, provides that the commission may authorize the telephone company to reinstall telephone service after determining "that said party is entitled to said facilities and service, and that the same will not be used in the future for unlawful purposes . . ." Section 365.11 provides in part that the applicant has the burden of proving that the telephone, on reinstallation, "is not intended for use in the furtherance of gambling or for gambling purposes."

As shown by exhibits 1 — 4, the matter in question has had extensive litigation in Sam Green, d/b/a Multiple Sports Service v. Southern Bell Telephone and Telegraph Company, 192 So.2d 310 (Florida 1966). The District Court of Appeal upheld the finding that the telephone had been used in furtherance of gambling.

Mr. Rosenthal, a former employee but now a partner of Multiple Sports Service, described the former and present operation of this business. He is apparently quite adept in providing reasonably accurate "odds" on the outcome of various sporting events. This information was disseminated by various means. The quintessence of his testimony regarding the future use of the telephone was that they would welcome suggestions, adhere to any reasonable demands of others, have been discriminated against and that the court's findings were in error.

Considering the cross examination of the Attorney General's Office, it appears that that office is willing to "work with" the applicant in attempting to find a solution to the problems involved in legalizing the proposed telephone operation. The question to be determined is whether the commission should authorize the reinstallation of this telephone on some unknown and undetermined event. The commission finds that such cannot be done since the law noted above specifically requires the applicant to affirmatively show and assure the commission that the telephone on reinstallation would not be used for the dissemination of information in furtherance of gambling. This the applicant has not done.

It is therefore order that the application of Samuel Green, d/b/a Multiple Sports Service, for the reinstallation of telephone service at his residence, 1090 N. E. 79th Street, Miami, be and the same is hereby denied.